# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARINKO RADAKOVIC )<br>      Plaintiff )<br>   v. )<br>UNITED STATES OFFICE OF PERSONNEL )<br>MANAGEMENT: *Federal Investigative Service*)<br>*Division*, and, )<br>GENERAL COUNSEL, OFFICE OF )<br>PERSONNEL MANAGEMENT, )<br>      Defendants. ) | Civil Action No. 11-10706-RWZ |

## **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER**

Now comes the Plaintiff in the aforementioned matter, Marinko Radakovic, pursuant to the Federal Rules of Civil Procedure, specifically Rule 12(b)(6), and hereby moves this Honorable Court to dismiss the Defendants' Answer in this matter due to the Defendants repeated defying of this court's filing deadlines and mandates. The Defendants are in default of nearly every filing deadline in this matter, placing themselves at a distinct advantage in this case.

## **INTRODUCTION**

Plaintiff Marinko Radakovic is an unemployed pro se party who was wrongfully terminated by the Federal Government. Defendants are the United States Office of Personnel Management and the Federal Investigative Services Division. This Honorable Court has Jurisdiction over this matter pursuant to 28 U.S.C. Section 1331 and also 28 U.S.C. Section 1332. Plaintiff filed his complaint seeking justice after being wrongfully terminated by the above-named Defendants.

## **PROCEDURAL HISTORY AND FACTS**

According to the Docket Sheet dated December 05, 2011, the executed Summons was returned on July 18, 2011 (Plaintiff's executed Summons on July 14, 2011 by 11:30 a.m.) and the Defendants' Answer would have been due August 08, 2011 under normal circumstances. Because the Defendants are government agencies, they are automatically given additional time to file an answer for a total of sixty (60) days to file so their Answer was due September 16, 2011. The standard time for filing passed and the Defendants felt they needed yet more time to file an Answer and filed a Motion for Extension for Time to Answer on September 13, 2011, which was granted by the Judge Zobel on September 14, 2011 making the new due date for the Defendants' Answer November 14, 2011. Of great import regarding the instant motion, when Judge Rya Zobel ruled on the Defendants' Motion for Extension for Time to Answer, she noted, **"But that is 7 months after the complaint was filed and will be the last extension."**

The Plaintiff disagrees with the Defendants' Motion for an Extension of Time to Answer a Simple Complaint; 60 days is more than sufficient, especially with the number of employees the government offices have at their disposal on this case. On September 19, 2011, the Plaintiff filed a Motion for Reconsideration regarding the Order on the Motion for Extension of Time to Answer. That Motion was ruled on and granted on October 06, 2011 by Docket Sheet.

The parties had a Status Conference with Judge Zobel October 06, 2011 where the Defendants were ordered to file a Status Report and Answer by November 14, 2011. The main reason the Defendants were granted an extension of time to file the above documents was so that they could search for and produce a document or documents from several different federal departments that would help support their case. Judge Zobel advised the Defendants to file a report along with the Status Report and Answer regarding a specific document(s) they were seeking. The Defendants finally filed their Status Report on November 30, 2011, sixteen days late. This Status Report was due November 14, 2011 by the Court's order. No report regarding a specific document discussed during the Status Conference was filed with the Status Report nor has it been filed to date. Incidentally, the

Status Report is the only filing from the Defendants that has been sent to Plaintiff. (Please see Exhibit A, attached. The left side shows Attorney Johnson's name, the right side shows the postmarked date of November 30, 2011.) The Defendants have failed to forward anything else to the Plaintiff, including their answer. There does not appear to be a level playing ground here and the same rules should apply to both "teams." To the best of the Plaintiff's knowledge, the Federal Rules of Civil Procedure come into play for all parties involved in this case, not only for some parties or when a party feels like abiding by said Rules.

The Defendants are abusing their power as Federal employees to file in a timely fashion and to make credible arguments. There are no additional reports or documents; Defendants were simply seeking to buy time for filing the Status Report and possibly the Answer by pursuing a fruitless witch hunt when they said they needed a mysterious document(s) and one they could not name at that. (Please recall the conversation at the Status Conference.) Plaintiff assured Defendants that the document for which they were looking did not exist but Defendants insisted they pursue their treasure hunt anyway, which requires what? Time. Time the Plaintiff does not have but the Defendants seem to have an infinite amount of along with their resources.

Plaintiff recently received a letter in the mail thanking him for his request for his Social Security records. (Please see Exhibit B, attached.) Oddly enough, Plaintiff never made a request for his social security records and believes that the records were subpoenaed by Defendants as part of their fishing expedition in an empty lake for non-existent records about his employment with the government. It is likely the Social Security Administration sent the Plaintiff the letter thanking him for his records request in error. Said letter was possibly meant for someone in the Defendants' camp and Plaintiff was copied in error. Significantly, Plaintiff never authorized anyone to request or receive copies of any documents regarding him from the SSA or from any other governmental agency. However, this event just solidifies Plaintiff's belief that Defendants are searching for anything and everything to bolster a case against Plaintiff, looking for non-existent records, wasting taxpayer money and abusing their power.

3

This is patently wrong.  And by so doing, much time is being wasted, deadlines are being missed and Plaintiff is being caused increased discomfort and stress in his life. This must not continue to happen and the pain and suffering he is experiencing cannot continue to be endured by Plaintiff.

## ARGUMENT

The Defendants' first affirmative defense is flawed when they maintain that this Honorable Court lacks subject matter jurisdiction to hear the Plaintiff's claims. This Honorable Court never would have accepted the Plaintiff's Complaint in the first place if it had deemed from the outset that the Complaint had been filed in the wrong court.  However, pursuant to  Rule 12(b)(1), this Honorable Court does, in fact, have subject matter jurisdiction to hear this Plaintiff's claims as it has up to this time and will continue to through resolution. Further, in a document to Plaintiff dated May 04, 2010 from the United States of Personnel Management, General Counsel, Elaine Kaplan stated that, "In accordance with 5 U.S.C. Section 552a(g)(1), you may seek judicial review of this determination in a United States district court for the district you reside in, or in the United States District Court for the District of Columbia." For the Defendants to assert this Court does not have jurisdiction over this matter is nothing short of ridiculous. And their affirmative defense contradicts the letter from Attorney Kaplan.

The Defendants contest that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Plaintiff  fails to state a claim upon which relief can be granted which is nothing less than ludicrous.

According to Hugh v. Rowe, 449 U.S. 5, 10 (1980), to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must be construed in the light most favorable to the Plaintiff and its allegations must be taken as true.

To survive a motion to dismiss, a complaint must contain factual allegations "enough to raise a right to relief above the speculative level...." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). In Twombly, the Supreme Court explained that:

[A] complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged...The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully...Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), quoting Twombly, 550 U.S. at 570, 556, 5556. The complaint must contain "factual allegations direct or inferential, respecting each material element necessary to sustain discovery under some actionable legal theory." Centro Medico del Turabo Inc., 406 F.3d at 6.

The Plaintiff has met this hurdle and surpassed it. The Complaint is airtight and solid, chock full of factual allegations. The Defendants' Answer is flawed and shaky and "without sufficient information" to support any of its contentions. Defendants cannot begin to rock the foundation of the Plaintiff's solid, factual complaint. The Defendants' Answer fails to "sustain discovery under some actionable legal theory" in regard to each material element of Plaintiff's Complaint. The burden of proof has fallen upon the Defendants and they have not met it nor can they meet it. Of great importance, Defendants never served the Plaintiff with a copy of their Answer, contrary to the service requirement laid out in Fed. R. Civ. Pro. Rule 5. The Defendants were privy to the Plaintiff's mailing address and had access to his telephone numbers (all public record and clearly set forth on all pleadings) in case they needed to reach him for other reasons. (The only pleading the Defendant served to Plaintiff was a copy of the Status Report. See Exhibit A, attached.)

Defendants' claims that Plaintiff's only recourse was to go through the Civil Service Reform Act are spurious at best and in no way at all affect the jurisdiction of this Honorable Court to rule on Plaintiff's claim. The same goes for the Defendants' contention regarding the Privacy Act which they maintain falls under the umbrella and is preempted by the CSRA. In the instant action, the Plaintiff was wrongfully terminated by the Defendants when it was alleged that he misrepresented himself on Federal Application Form 306. It was later proven that said allegations were untrue but by then, the damage had already been done and Plaintiff had been terminated on **February 13, 2009**. Wrongful termination is an extremely painful event in one's life. To make matters worse, at the Status Conference, Attorney Anita Johnson informed the Plaintiff that he would *never* find work with the Federal Government again which was akin to a second termination.

As aforementioned, this Honorable Court has started the review of Plaintiff's wrongful termination and will continue to do so to the conclusion of this case. Regarding the remainder of the Defendants' affirmative defenses, in a nutshell and although in a different vein, <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 402 U.S. 388 (1971) put the Federal Government on notice that sovereign immunity has limits and that an individual does, in fact, have the right to sue the Federal Government when he has been egregiously wronged as has been the case here. "Whenever a Federal officer or agent exceeds his authority, in so doing he no longer represents the Government and hence loses the protection of sovereign immunity from suit." <u>Id.</u> The Government must not act as though it is above the law and those Federal employees who have a discretionary function must not abuse their power. Especially large Government agencies that go head-to-head against a Pro Se opponent. It is quite easy to take advantage of such an adversary.

## **CONCLUSION**

The Plaintiff, Marinko Radakovic, has now been unemployed for **37 months** despite diligently looking for employment nearly on a daily basis. Plaintiff is university educated, both in the States and in Europe, went to law school in Europe and is fluent in four languages. Plaintiff still fears constant eviction and is very behind on his bills. The emotional distress Plaintiff suffers is becoming incalculable and the toll it is taking on his health may be irreversible. And emotional stress must not be discounted or downplayed in this case.

In Zojourner v. Brown, 2005 U.S. Dist. LEXIS 19995 (D.D.C.), there was a reversal of an OPM denial of disability retirement benefits to a deserving federal employee (federal psychologist) who was retaliated against for making allegations of sexual allegations. The plaintiff wound up in a "fragile, emotional condition" and was awarded $650,000 for emotional distress along with $250,000 in back pay, which also cannot be discounted.

Other cases that bear mention regarding awards for emotional distress and fragile mental state that are a result of wrongful termination and loss of employment are Sogg v. American Airlines, 193 A.D.2d 153, 603 N.Y.S.2d 21 (1st Dep't 1993) where the plaintiff was denied a promotion and subsequently fired for discriminatory reasons; and, Ramirez v. N.Y.C. Off-Track Betting Corp., 1996 U.S. Dist LEXIS 5715 (S.D.N.Y. April 30, 1996) where substantial evidence demonstrated that "the loss of employment and benefits and the emotional pain from being arbitrarily and summarily dismissed aggravated plaintiff's psychological condition to such an extent that he ceased to be able to function in society. The court also noted that there was substantial evidence that these effects would persist into the indefinite future."

There are countless other cases that demonstrate examples of people who broke under psychological effects from emotional distress caused by wrongful termination and dismissal from employment. Some of them found restitution much quicker than the Plaintiff in the instant matter. This process has been going on for so long, being dragged on by the Defendants. Where is the end? This debacle needs to be brought to a swift resolution which could be accomplished by granting Plaintiff's Motion to Strike Defendants' Answer.

Respectfully Submitted,

*[signature]*

Plaintiff

Marinko Radakovic

7 Highland Ave.

Swampscott, MA  01907

781-521-3819

December 15, 2011

## CERTIFICATE OF SERVICE

I hereby certify that this document will be sent certified mail, return receipt requested, to Anita Johnson, Assistant United States Attorney, United States Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA  02210 on this 15th day of December, 2011.

_____

Marinko Radakovic